EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X        Index No.:
DENISE CARABALLO,

                                              *Plaintiff*,

   -against-

THE GILLETTE COMPANY, a division of THE
PROCTER & GAMBLE DISTRIBUTING COMPANY,
THE PROCTER & GAMBLE MANUFACTURING
COMPANY and COSTCO WHOLESALE CORP.,

                                     *Defendants*.
------------------------------------------------------------------------X

Plaintiff designates Bronx County as the place of trial. The bases for venue are Plaintiff's residence and the location of the accident.

**SUMMONS**

Plaintiff resides at
3800 Waldo Avenue, #13D,
Bronx, NY 10463

**COUNTY OF BRONX**

**To the above named Defendants:**

      **You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within   20   days after service of this summons, exclusive of the day of service (or within   30   days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for relief demanded in the complaint.

Dated: New York, New York
       January 10, 2019

_____
Simcha D. Schonfeld, Esq.
KOSS & SCHONFELD, LLP
*Attorneys for Plaintiff*
90 John Street, Suite 503
New York, NY 10038
(212) 796-8916

TO:

THE GILLETTE COMPANY
c/o C T Corporation System
111 Eighth Avenue
New York, NY 10011

THE PROCTER & GAMBLE DISTRIBUTING COMPANY
c/o C T Corporation System
111 Eighth Avenue
New York, NY 10011

THE PROCTER & GAMBLE MANUFACTURING COMPANY
c/o C T Corporation System
111 Eighth Avenue
New York, NY 10011

COSTCO WHOLESALE CORPORATION
c/o C T Corporation System
111 Eighth Avenue
New York, NY 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
DENISE CARABALLO,

                              *Plaintiff*,

      -against-

THE GILLETTE COMPANY, a division of THE
PROCTER & GAMBLE DISTRIBUTING
COMPANY, THE PROCTER & GAMBLE
MANUFACTURING COMPANY and COSTCO
WHOLESALE CORP.,

                             *Defendants*.
------------------------------------------------------------------------

Index No.:

**VERIFIED COMPLAINT**

      Plaintiff, by and through her attorneys, Koss & Schonfeld, LLP, as and for her Verified Complaint, alleges as follows:

## **GENERAL ALLEGATIONS**

    1.     Plaintiff DENISE CARABALLO ("Plaintiff"), at all times mentioned, was and is a resident of the State of New York, County of Bronx.

    2.     The GILLETTE COMPANY ("GILLETTE"), a division of PROCTER & GAMBLE, at all relevant times was and is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Delaware.

    3.     Defendant GILLETTE maintains corporate offices in the State of Massachusetts, with a principal place of business located at 1 Procter & Gamble Plaza, Cincinnati, Ohio 45202.

    4.     Defendant GILLETTE is duly authorized to do business in the State of New York and derives substantial revenue therefrom.

    5.     Upon information and belief, GILLETTE and PROCTER & GAMBLE are affiliated entities.

6. Defendant THE PROCTER & GAMBLE MANUFACTURING COMPANY (hereinafter "PROCTER & GAMBLE"), at all relevant times was and is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Ohio.

7. Defendant PROCTER & GAMBLE maintains corporate offices in the State of Ohio, with a principal place of business located at 1 Procter & Gamble Plaza, Cincinnati, Ohio 45202.

8. Defendant PROCTER & GAMBLE is duly authorized to do business in the State of New York and derives substantial revenue therefrom.

9. Upon information and belief, GILLETTE is a subsidiary of PROCTER & GAMBLE.

10. Defendant COSTCO WHOLESALE CORP. ("COSTCO") at all relevant times was and is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of Washington.

11. Upon information and belief, and at all times hereinafter mentioned, Defendant COSTCO maintains corporate offices in the State of Washington, with a principal place of business located at 999 Lake Drive, Issaquah, Washington, 98027.

12. Defendant COSTCO is duly authorized to do business in the State of New York and derives substantial revenue therefrom.

13. On or about April 20, 2018, and prior and subsequent thereto, Defendant COSTCO owned, managed, operated, maintained, supervised and/or controlled a warehouse store located at 20 Stew Leonard Drive, Yonkers, NY 10710.

14. Defendant GILLETTE, by and through its affiliates, subsidiaries and divisions was, and still is, in the business of designing, manufacturing assembling, packaging, advertising,

distributing, marketing, promoting, delivering and selling to the public at large, razors equipped with three blades, for women known as "Venus Sensitive Disposables" (the "Razor").

15. On or about April 20, 2018, Plaintiff DENISE CARABALLO purchased GILLETTE's Razor from COSTSCO.

16. The Razor was sold by COSTSCO in the ordinary course of business.

17. Upon information and belief, the Razor packaging was designed, manufactured, assembled, tested, labeled and placed into the stream of commerce by GILLETTE, a division of PROCTER & GAMBLE.

18. Upon information and belief, the Razor packaging did not include any grooved back panel design or thumb tab perforation allowing for safe and easy access and/or unwrapping of the contents of the package.

19. Upon information and belief, the Razor packaging did not include any drawing or diagram instructing customers to safely access the contents of the package. Annexed hereto as **Exhibit A** is a photograph depicting the original Razor in its packaging as purchased by Plaintiff.

20. Upon information and belief, there was no warning on the packaging directing customers to use scissors to cut through the thick plastic of the packaging.[1]

21. On or about June 3, 2018, while at home, Plaintiff DENISE CARABALLO attempted to open the plastic and cardboard packaging to remove the enclosed Razor.

22. In so doing, Plaintiff DENISE CARABALLO cut the box on the top left side, however in pulling back the plastic, her fingertip got caught in the triple-blade Razor, leaving a

---

[1] Upon information and belief, GILLETTE has since recognized that its Razor packaging is unsafe and has added an instructional drawing on the top right hand corner of the packaging, depicting scissors and striations, guiding customers to cut the top of the package and allow for safe and easy access and/or unwrapping of the contents of the package (Ex. B).

deep laceration to the index finger on her right hand and causing a serious and permanent injury to her finger, including but not limited to nerve damage.

23. The Razor was defective and not reasonably safe for its intended use and as a result it was a substantial factor in causing the injuries sustained by Plaintiff DENISE CARABALLO while attempting unwrap the product in a reasonably foreseeable manner.

## FIRST CAUSE OF ACTION - STRICT PRODUCT LIABILITY

24. Plaintiff repeats and realleges paragraphs 1 through 23.

25. The Razor packaging was defective and unreasonably dangerous when the Defendants placed it into the stream of commerce.

26. The defective nature of the subject Razor packaging was a proximate cause of the damages suffered by the Plaintiff.

27. The Razor packaging were defective and unreasonably dangerous when the Defendants placed the packaged Razor into the stream of commerce.

28. By engaging in said conduct, Defendants are strictly liable to Plaintiff.

29. Said conduct of all Defendants was so willful, wanton, malicious, and in such reckless disregard for the consequences so as to reveal a conscious indifference to the clear risk of serious bodily injury and merits the imposition of punitive damages.

## SECOND CAUSE OF ACTION - NEGLIGENCE

30. Plaintiff repeats and realleges paragraphs 1 through 31.

31. GILLETTE was negligent in designing, manufacturing, inspecting, testing, labeling, monitoring, marketing and selling the subject Razor with such faulty packaging.

32. PROCTER & GAMBLE were negligent in designing, manufacturing, inspecting, testing, labeling, monitoring, marketing and selling the subject Razor with such faulty packaging.

33. COSTCO was negligent in monitoring, marketing and selling the subject Razor with such faulty packaging.

34. As a proximate result of the foregoing, Plaintiff DENISE CARABALLO was severely injured, including, but not limited to, conscious pain and suffering.

35. The Defendants are therefore liable to Plaintiff.

36. The conduct of the Defendants was so willful, wanton, malicious, and in such reckless disregard for the consequences so as to reveal a conscious indifference to the clear risk of serious bodily injury and merits the imposition of punitive damages.

### THIRD CAUSE OF ACTION – FAILURE TO WARN

37. Plaintiff repeats and realleges paragraphs 1 through 37.

38. The Defendants had a duty to warn customers against dangers resulting from foreseeable uses of the subject Razor and packaging which the Defendants knew or should have known and which were not open or obvious.

39. The Defendants failed to warn customers of the dangers of the subject Razor due to faulty designing, manufacturing, labeling, marketing and selling the subject Razor with such faulty packaging.

40. As a proximate result of the foregoing, Plaintiff DENISE CARABALLO was severely injured, including, but not limited to, conscious pain and suffering.

41. Plaintiff DENISE CARABALLO's actions were reasonably foreseeable.

42. The fact that the Defendants later redesigned the packaging so as to warn customers suggests that other plaintiffs were likely injured. Annexed hereto as **Exhibit B** is a photograph depicting the revised Razor packaging.

43. The fact that the Defendants later redesigned the packaging so as to warn customers suggests that Defendants likely recognized their duty to warn Plaintiff and similarly situated customers (Ex. B).

44. The Defendants are therefore liable to Plaintiff.

45. The conduct of the Defendants was so willful, wanton, malicious, and in such reckless disregard for the consequences so as to reveal a conscious indifference to the clear risk of serious bodily injury and merits the imposition of punitive damages.

## CPLR 1602 EXCEPTIONS

Plaintiff's lawsuit falls within one or more of the enumerated exceptions of article 1602 of the CPLR and specifically sections 1602(2)(iv), 1602(7), 1602(10) and 1602(11).

**WHEREFORE**, Plaintiff demands judgment against Defendants, severally and jointly for:

a. Compensatory damages on Causes of Action One and Two;

b. Punitive damages on Causes of Action One and Two;

c. All together with interest, costs and disbursements;

d. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 10, 2019

Simcha D. Schonfeld, Esq.
**KOSS & SCHONFELD, LLP**
*Attorneys for Plaintiff*
90 John Street, Suite 503
New York, NY 10038
(212) 796-8916

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK       )

      Simcha D. Schonfeld, an attorney admitted to practice law before the Courts of the State of New York, hereby affirms as true under the penalties of perjury that affiant is the attorney of record for the within action; that affiant has read the foregoing Complaint and knows the contents thereof; that same is true as to affiant's own knowledge, except as to those matters therein stated to be alleged on information and belief and as to those matters, affiant believes same to be true. Affiant further states that the reason this affirmation is made by affiant and not by Plaintiff is that affiant's office for the practice of law is located in a different county than that of Plaintiff's present location.

      The grounds of affiant's belief as to all matters not stated upon affiant's knowledge are as follows: statements made by Plaintiff and affiant's own general investigation into the facts and circumstances of this action.

Dated:    New York, New York
            January 10, 2019

                                                _____
                                                Simcha D. Schonfeld, Esq.



# Gillette Venus Sensitive

**DISPOSABLES • JETABLES**



**3 BLADES LAMES**



**ENGLISH**

1. **3 blades + Moisture strip** with more lubricants**
2. **Pivoting rounded head** to fit easily into hard to shave areas
3. **Lubrastrip** with a Touch of Aloe for Glide

**FRANÇAIS**

1. **3 lames + bande lubrifiante** avec plus de lubrifiant**
2. **Tête pivotante arrondie** pour atteindre facilement les endroits difficiles à raser
3. **Bande Lubrastrip** avec un soupçon d'aloès pour un doux glissement

**vs Venus original/** vs le rasoir original de Venus

For great results, use with Satin Care® shave gel.
Pour des résultats remarquables, utiliser avec le gel à raser Satin Care®.



**+1 Gillette Venus Bikini Trimmer Tondeuse bikini**

easily and safely trims bikini hair
taille aisément et en toute sécurité les poils de la zone du bikini

All **Venus cartridges** fit all **Venus razor handles**, except Simply Venus™.

Toutes les **cartouches Venus** conviennent à tous les **manches de rasoir Venus**, sauf Simply Venus™.

MADE IN MEXICO/FAIT AU MEXIQUE

GILLETTE/PROCTER & GAMBLE
CINCINNATI, OH 45202

Patents/Brevets: www.pg.com/patents
© 2017 P&G

Tell us what you think.
Faites-nous part de vos commentaires.
1-800-GILLETTE
www.GilletteVenus.com



www.pg.com



0  47400 65301  6

91394748

