UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENISE CARABALLO,<br><br>       Plaintiff,<br><br>  -against-<br><br>THE GILLETTE COMPANY LLC et al.,<br><br>       Defendants. | 21 Civ. 2540 (LGS)<br><br>ORDER |

LORNA G. SCHOFIELD, United States District Judge:

  WHEREAS, Defendants The Gillette Company, LLC, The Procter & Gamble Manufacturing Company and Costco Wholesale Corporation have filed a notice of removal removing civil action No. 20433/2019E from the Supreme Court of the State of New York, County of Bronx, on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) (Dkt. No. 1).

  WHEREAS, 28 U.S.C. § 1446(b)(1) requires removal to occur within 30 days of the defendant's receipt of an initial pleading or summons.  Defendants were served with the Complaint on February 8, 2019, more than 30 days prior to their notice of removal.  Defendants claim removal is timely pursuant to 28 U.S.C. § 1446(b)(3), which states:  "Except as provided in [28 U.S.C. § 1446](c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  Defendants represent that although Plaintiff stipulated in writing in state court that the amount in controversy does not exceed the $75,000 required for diversity jurisdiction under § 1332(a)(1), Plaintiff's counsel stated in February 2021 that the amount in controversy exceeds $75,000.

WHEREAS, 28 U.S.C. § 1446(c)(1) provides: "A case may not be removed under [28 U.S.C. § 1446](b)(3) on the basis of jurisdiction conferred by [28 U.S.C. §] 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." "'Bad faith' conduct includes a plaintiff's deliberate failure to 'disclose the actual amount in controversy to prevent removal.'" *Marin v. Sephora USA, Inc.*, No. 20 Civ. 3520, 2020 WL 3999711, at *2 (S.D.N.Y. July 15, 2020) (quoting 28 U.S.C. § 1446(c)(3)(B)). Courts in this circuit have declined to find bad faith "where plaintiff's actions [do] not evince a specific desire to prevent removal," even if "delay in defendants' removal could be traced to plaintiff's actions," such as failure to answer multiple requests for damages, fraudulently joining a nondiverse party in the original complaint or requesting multiple extensions to respond to a motion to dismiss a nondiverse party. *Id.* (citations omitted) (collecting cases).

WHEREAS, Defendants do not identify, nor do their submissions show, any evidence from which to infer that Plaintiff has sought to prevent removal in bad faith. It is hereby

**ORDERED** that removal in this case is improper under 28 U.S.C. § 1446(c)(1). This case is remanded to the Supreme Court of the State of New York, County of Bronx.

Dated: March 26, 2021
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE